UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PATRICK W. GEERS,

    **Plaintiff,**

v.

    Case No: 5:14-cv-597-Oc-18JBT

COMMISSIONER OF SOCIAL
SECURITY,

    **Defendant.**

## ORDER

THIS CAUSE comes for consideration on Plaintiff Patrick W. Geers' appeal from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Geers' applications for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). (*See* Doc. 1 at 1.) The Commissioner responded in opposition (Doc. 17) and filed a certified copy of the record before the Social Security Administration (Doc. 19). Subsequently, on June 4, 2015, Magistrate Judge Joel B. Toomey issued a Report and Recommendation (the "Report and Recommendation") recommending that the Commissioner's decision be affirmed (Doc. 23), to which Geers timely filed objections (Doc. 24). The Commissioner did not file a response to Geers' objections. The Court will now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

I. BACKGROUND

On November 21, 2011, Geers filed a Title II application for a period of disability and DIB, as well as a Title XVI application for SSI. In his applications, Geers alleges that he has

been disabled since October 18, 2011 (the "alleged onset date"). Geers' claims were initially denied on February 16, 2012, and they were again denied upon reconsideration on March 23, 2012. Upon Geers' request, Administrative Law Judge Edgardo Rodriguez-Quilichini (the "ALJ") held a video hearing on January 23, 2013 (the "ALJ Hearing"), during which Geers and Teresa A. Manning ("Manning"), a vocational expert, testified. On March 25, 2013, the ALJ issued his decision (the "ALJ Decision"), wherein the ALJ determined that Geers has not been disabled under the terms of the Social Security Act since the alleged onset date through the date of the ALJ Decision. (R. 27.) Geers then appealed to this Court after exhausting his administrative remedies. (*See* Doc. 1 at 1.)

## II. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. *See McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *see also* 42 U.S.C. § 405(g), § 1383(c)(3). An ALJ's factual findings shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g), § 1383(c)(3). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing, *inter alia, Richardson v. Perales*, 402 U.S. 389, 401 (1971)). A court reviewing the Commissioner's decision must "view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth*, 703 F.2d at 1239. Further, "[i]f the Commissioner's decision is supported by substantial evidence, [a reviewing court] must affirm, even

if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citing, *inter alia*, *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).

Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid. *Keeton v. Dept. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991), and *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Id.* (citing *Cornelius*, 936 F.2d at 1146, and *Martin*, 894 F.2d at 1529).

## III. DISCUSSION

Geers argues that "the Commissioner's decision must be reversed or remanded due to both errors of law, and because it is not supported by substantial evidence." (Doc. 24 at 1.) Specifically, Geers objects to the finding in the ALJ Decision and the Report and Recommendation that Geers is capable of performing light work. (*Id.*) Geers states that he turned fifty (50) years old in December 2012, and "the Agency's own medical-vocational (grid) rules require that [] Geers be found disabled if limited to sedentary work." (*Id.*) As grounds therefore, Geers argues that the "only medical opinion of record [] and the standing/walking limitations in the ALJ's own residual functional capacity (RFC) finding[s] [] support a decision of disability by, at least, [] Geers' [fiftieth] birthday, and that the medical evidence also supports that decision." (*Id.* at 2.) Geers avers that Judge Toomey, in his Report and Recommendation, "failed to appreciate either the degree of [] Geers' functional limitations or the implications of the Agency's own definitions of light versus sedentary work." (*Id.*) Additionally, Geers argues that the ALJ erred in rejecting the medical opinion of Dr. Marc Rogers ("Dr. Rogers"), a treating specialist in orthopedic surgery and that "[t]he ALJ identified no contrary medical opinion, and specified that he did not rely on

the State Agency opinion because it was rendered by a non-medical source []." (*Id.* at 5.) Geers alleges that the ALJ "took no steps to obtain any other medical opinion and relied only on his own lay judgment to reject the opinion of a treating orthopedic specialist, even after acknowledging that [] Geers had severe degenerative arthritis in both knees and a severe back disorder" in addition to Geers' other ailments. (*Id.*)

Pursuant to the Code of Federal Regulations, "[t]o determine the physical exertion requirements of work in the national economy, [the Social Security Administration] classif[ies] jobs as sedentary, light, medium, heavy, and very heavy." 20 C.F.R. § 404.1567. The applicable regulations defining light work and sedentary work provide the following definitions:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(a),(b); 20 C.F.R. § 416.967(a),(b); *see also* SSR 83-10, 1983 WL 31251, at *5-6. As set forth in a policy statement issued by the Social Security Administration, "[i]n situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work, . . . [vocational specialist] assistance is advisable for these types of cases." SSR 83-12, 1983 WL 31253, at *2-3. When "the claimant cannot perform a full range of work at a given level of exertion or the claimant has non-exertional impairments that significantly limit basic work skills[,] . . . the Commissioner's preferred method of demonstrating that the claimant can perform

other jobs is through the testimony of a [vocational expert]." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). "In order for a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.*

In the ALJ Decision, the ALJ explains that he considered Geers' symptoms, medical evidence, and opinion evidence in making his residual functional capacity assessment. (*See* R. 23-26.) The ALJ states that he based his RFC assessment on Geers' "report of functioning and the medical evidence," including examinations conducted in May 2010 and February 2012, as well as Dr. Rogers' treatment records for his examination conducted in January 2013. (R. 23-26.) The ALJ found that Geers "has the residual functional capacity to perform light work . . . except[] [Geers] requires the option to sit and stand at will, and he can lift, carry, push and/or pull twenty (20) pounds occasionally and ten (10) pounds frequently." (R. 23.) The ALJ further concluded that Geers "can stand and walk for approximately two (2) hours and can sit for approximately six (6) hours in an 8-hour workday with normal breaks." (R. 23.) Additionally, the ALJ assessed Geers as being able to "climb stairs, balance, stoop, crouch, and crawl occasionally, but should never kneel, climb ladders or scaffolds." (R. 23.) Finally, the ALJ stated that Geers "must avoid exposure to extreme heat, cold, wetness, [and] humidity." (R. 23.)

The ALJ was not obligated to apply the sedentary-based grids to Geers and had the discretion to consult and utilize Manning's testimony in her role as a vocational expert to determine Geers' residual functional capacity and assess Geers' ability to procure work and thus, Geers' entitlement to disability benefits. *See Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 925-27 (11th Cir. 2010) (affirming denial of social security benefits where ALJ relied on testimony of vocational expert where claimant's RFC allowed for "light work except [claimant] is limited to no

more than two hours of standing or walking in an eight hour day" and characterizing this RFC as "a limited range of light work"); *see also Watson v. Astrue*, 376 F. App'x 953, 958 (11th Cir. 2010) (addressing an RFC similar to the one at bar where the ALJ relied on the testimony of a vocational expert and finding that "[n]othing in the relevant statutes or regulations *requires* the ALJ to use the grids as a framework in all instances") (emphasis in original);); *Ambrose v. Colvin*, Case No. 3:14-cv-1618, 2015 WL 877790, at *14-15 (M.D. Pa. Mar 2, 2015) (rejecting an argument similar to the one at bar and finding that the ALJ appropriately consulted the vocational expert who concluded that claimant, who was limited to only occasional standing and walking, could perform a limited range of light work jobs and was not disabled). In the instant case, the ALJ asked Manning questions concerning a hypothetical claimant with Geers' impairments. (R. 47-49.) In response, Manning testified that someone with Geers' impairments could not perform Geers' past relevant work, but that the hypothetical claimant could perform other jobs classified as "light," such as ticket seller, copy machine operator, and production assembler. (R. 47-49.) Manning further testified as to the number of positions for each of those jobs that could be performed by someone with Geers' impairments and testified that her testimony is consistent with the information contained in the Dictionary of Occupational Titles ("DOT").[1] (R. 48, 50.) The ALJ did not err in relying on Manning's testimony and said testimony constitutes substantial evidence supporting the ALJ's finding that Geers can perform occupations with jobs existing in significant numbers in the national economy and is, therefore, not disabled.

In addition, the ALJ articulated good cause, supported by substantial evidence, to discount the opinions of Dr. Rogers. "Good cause exists [to discount a treating physician's opinions] when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a

---

[1] Manning clarifies that the DOT does not address the "sit/stand option . . . but does direct the job placement specialist or vocational rehabilitation counselor to obtain that information if needed through their local labor market." (R. 50.)

contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). In this case, Dr. Rogers "provided [his] opinion after only examining [Geers] for an extremely brief period." (R. 25; *see* R. 286-95.) Specifically, Dr. Rogers met with Geers once in January 2013, and, as a result of this meeting, Dr. Rogers characterized Geers as having bilateral knee pain and amongst other findings, noted "some diffuse soft tissue swelling, no discrete effusion" regarding the right knee, and "no soft tissue swelling, warmth or effusion" regarding the left knee. (R. 287.) Dr. Rogers also performed x-rays on Geers that showed "significant bone-on-bone arthritis[,] . . . lateral compartment osteoarthrosis[,] . . . and significant patellofemoral joint arthritis." (R. 288.) Dr. Rogers concluded that "[a]t some point [Geers] will need knee replacement surgery." (R. 288.) The ALJ delineated his review and impression of Dr. Rogers' treatment notes and the findings therein and recognized that x-ray images of Geers' knees "confirmed degenerative joint disease" and acknowledged the other findings in Dr. Rogers' notes. (R. 24-25.) However, the ALJ ultimately gave Dr. Rogers' statements relevant to Geers' residual functional capacity "little weight" based on the "[t]he brevity of care and treatment" and inconsistencies between said statements and medical evidence and testimony in the record. (R. 25.)

The Court agrees with the ALJ's findings and legal conclusions pertaining to Dr. Rogers' medical opinions. Dr. Rogers' assessment of Geers' restrictions were largely inconsistent with other physical examinations in the record, such as the examination performed by Dr. Samer Choksi on February 6, 2012. (*See* R. 281-84.) Further, it was reasonable for the ALJ to conclude that Geers' testimony regarding his abilities to cook, clean, and shop in moderation was inconsistent with the restrictions set forth in Dr. Rogers' report. (*See* R. 25, 43-44.) Accordingly, the Court

concurs with the findings in the Report and Recommendation that the ALJ articulated good cause, supported by substantial evidence, to give Dr. Rogers' opinions "little weight."

## IV. CONCLUSION

Each of the ALJ's findings is supported by substantial evidence and the ALJ applied the proper legal analysis to Geers' disability claims. After de novo review of the portions of the Report and Recommendation to which Geers property objected, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. United States Magistrate Judge Joel B. Toomey's Report and Recommendation (Doc. 23) is **APPROVED** and **ADOPTED**.

2. The Commissioner's final decision in this case is **AFFIRMED**.

3. The Clerk of the Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DONE and ORDERED** in Orlando, Florida on this __17__ day of July, 2015.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record